/s/Marian F. **Harrison**

_____
UNITED STATES BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| MURRAY, INC., | ) | Case No. 04-13611 |
| Debtor. | ) |  |
|  | ) | Judge Harrison |
|  | ) | Re: Docket Nos. 1164, 1482 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF THE COURT'S
## SUMMARY JUDGMENT DISMISSAL OF BOYD OWENS' CLAIM

William Kaye (the "Trustee"), trustee and liquidating agent of the Murray Liquidating

Trust, post-confirmation estate of debtor Murray, Inc. ("Murray"), filed his Motion for Summary

Judgment Against Boyd Owens' Claim, to Dismiss for Lack of Standing, or to Limit and

Estimate Mr. Owens' Claim Pursuant to 11 U.S.C. Section 502(c) (the "Motion") (D.E. 1482), in

connection with the Debtor's Third Omnibus Objection to Certain Claims for Which There is No

Basis and/or No Basis for the Amount Sought (the "Objection") (D.E. 1164). The Motion sought

summary judgment and the dismissal of the claim of patent infringement filed by Mr. Boyd

Owens in this proceeding (the "Claim"). With regard to the Motion and Objection, the Court

makes the following findings of fact and conclusions of law *in addition to those* MJ*
stated in open court*.

### I. FINDINGS OF FACT

The Trustee provided declarations and supporting evidence of the following facts in

support of the Motion. Mr. Owens provided no competent evidence to dispute any of these facts.

Accordingly, the following facts are undisputed for the purposes of the Motion:

400307183v3

1482- Motion
1164-Obj.

**A.    Procedural History**

1.    On November 8, 2004, Murray filed a Chapter 11 Voluntary Petition in this Court. (D.E. 1).

2.    On December 7, 2004, Mr. Owens filed a one-page Proof of Claim in this proceeding seeking $180,000,000.00 for "patent infringement." (D.E. 1483 at Exhibit C, Proof of Claim). In a letter filed with this Court on October 19, 2005, Mr. Owens disclosed that his Claim was based on Murray's alleged infringement of United States Patent No. 4,221,108 ("the '108 patent"). (D.E. 1430, October 10, 2005 letter from Mr. Owens' Legal Assistant to the Honorable Judge Marian Harrison).

3.    On November 29, 2005, the Trustee filed Debtor Murray, Inc.'s Motion for Summary Judgment Against Boyd Owens' Claim, to Dismiss for Lack of Standing, or to Limit and Estimate Mr. Owens' Claim Pursuant to 11 U.S.C. § 502(C). (D.E. 1482). As grounds for its motion for summary judgment, the Trustee asserted that Mr. Owens' Claim was barred, among other reasons, under the equitable doctrine of laches. (D.E. 1484, Debtor Murray Inc.'s Memorandum in Support of its Motion for Summary Judgment Against Boyd Owens' Claim, To Dismiss for Lack of Standing, or to Limit and Estimate Mr. Owens' Claim Pursuant to 11 U.S.C. § 502(C) at 3). As grounds for its motion to dismiss, the Trustee also asserted that Mr. Owens lacked standing because he failed to join an indispensable party to this proceeding. (D.E. 1484 at 6).

4.    The Trustee supported the Motion with the Declaration of Kevin T. Kramer (D.E. 1483 at Exhibit A), which authenticated various exhibits supporting the Motion, and the Declaration of Brian Callahan (D.E. 1483 at Exhibit E), which addressed Murray's sales of accused devices between November 29, 1998 and May 29, 1999.

2

5.     On December 21, 2005, Mr. Owens filed a Response to the Motion ("Response"). (D.E. 1555). In his Response, Mr. Owens argued that there was a conspiracy among the entire Outdoor Power Equipment Industry to defraud him of his patented invention. (D.E. 1555). Mr. Owens failed to submit a declaration or affidavit supporting his Response. (D.E. 1555).

6.     On December 27, 2005, the Trustee filed Debtor Murray Inc.'s Reply in Support of its Motion for Summary Judgment Against Boyd Owens' Claim, to Dismiss for Lack of Standing, or to Limit and Estimate Mr. Owens' Claim Pursuant to 11 U.S.C. § 502(C). (D.E. 1559).

7.     Mr. Owens served a surreply in opposition to the Trustee's motion ("Surreply") dated January 3, 2006. (D.E. 1609). Once again, Mr. Owens argued that there was a conspiracy with respect to his '108 patent. Mr. Owens, however, again failed to submit a declaration or affidavit supporting his arguments. (D.E. 1609).

8.     On January 11, 2006, the Court heard oral arguments on the Motion.

## B.     Mr. Owens Delayed Filing His Proof of Claim and Failed to Join an Indispensable Party

9.     The '108 patent issued to Mr. Owens on September 9, 1980. (D.E. 1483 at Exhibit A-1, the '108 patent).

10.    By 1986, Mr. Owens concluded that Murray infringed the '108 patent. (D.E. 1483 at Exhibit A-2, 1/5/98 Owens Dep. Tr. At 31:7-31:22; D.E. 1483 at Exhibit A-3, May 16, 1986 letter from Mr. Owens to Murray Ohio Mfg.).

11.    On May 16, 1986, Mr. Owens sent Murray a letter alleging infringement of the '108 patent. (D.E. 1483 at Exhibit A-3).

12.    On August 19, 1994, Mr. Owens sent Murray another letter threatening to sue if Murray failed to cease and desist the alleged infringement. (D.E. 1483 at Exhibit A-2, 1/5/98

400307383v3

Owens Dep. Tr. At 16:8-18:4; D.E. 1483 at Exhibit A-4, August 19, 1994 letter from Mr. Owens to Murray Ohio Manufacturing Co.).

13.    On October 27, 1997, Mr. Owens sued Murray for infringement of the '108 patent. *Owens v. Briggs & Stratton*, No. 6:97-cv-00607 (E.D. Okla. filed October 27, 1997) ("Mr. Owens' 1997 Suit") (D.E. 1483 at Exhibit A-5, Complaint).

14.    On February 26, 1998, Mr. Owens moved for dismissal of his 1997 Suit without prejudice on the grounds that he failed to join an indispensable party, Patent Enforcement Fund Incorporated ("PEF"). (D.E. 1483 at Exhibit A-8, Mr. Owens' 2/26/98 Motion to Dismiss Without Prejudice). In his motion papers, Mr. Owens admitted to the United States District Court for the District of Oklahoma that PEF was a co-owner of the '108 patent. (D.E. 1483 at Exhibit A-8, p. 2).

15.    On that same date, February 26, 1998, the United States District Court for the Eastern District of Oklahoma dismissed Mr. Owen's 1997 Suit without prejudice. (D.E. 1483 at Exhibit A-9, 2/26/98 Civil Minutes).

16.    The '108 patent expired on May 25, 1999. *See* 35 U.S.C. § 154(c)(1); (D.E. 1483 at Exhibit A-1, the '108 patent).

17.    On November 29, 2004, Mr. Owens filed another suit against several of the defendants in his earlier 1997 Suit, but did not sue Murray. In his suit, Mr. Owens again alleged infringement of the '108 patent. *See Owens v. Briggs & Stratton, Inc.*, No. 04-CV-527 (E.D. Okla. filed November 29, 2004) ("Mr. Owens' 2004 Suit") (D.E. 1483 at Exhibit A-10, Civil Docket).

18.    On February 4, 2005, the United States District Court for the Eastern District of Oklahoma dismissed Mr. Owens' 2004 Suit for failure to join an indispensable party. *See Owens*

*v. Briggs & Stratton, Inc.*, No. 04-CV-527 (E.D. Okla. filed November 29, 2004), Docket Entries 26, 44 (D.E. 1483 at Exhibit A-10, Civil Docket); *see also* Mr. Owens' Response to Third Omnibus Objection to Certain Claims for Which There is No Basis and/or No Basis for the Amount Sought (D.E. 1256), p. 3 ("the Patent Infringement case was dismissed without prejudice in 2005 due to an indispensable third party issue").

19.     Mr. Owens provided no competent evidence to indicate that PEF's status as co-owner of the '108 patent had changed since the United States District Court for the Eastern District of Oklahoma dismissed his previous cases.

20.     Mr. Owens' Proof of Claim in this proceeding did not identify PEF as a creditor. (D.E. 1483 at Exhibit C, Proof of Claim).

21.     Mr. Owens did not seek relief from the automatic stay provisions of the bankruptcy code in order to file a civil action in a federal district court in which PEF could properly be joined as a party plaintiff against Murray.

## II.   CONCLUSIONS OF LAW

### A.   Mr. Owens Failed to Create a Genuine Issue of Material Fact

1.      Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

2.      To defeat a motion for summary judgment, the "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see also C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 672-73 (Fed. Cir. 1990).

400307183v3

3.     Mr. Owens failed to submit any competent evidence to create a genuine issue of material fact in this proceeding. While the Trustee submitted declarations in support of the Motion for summary judgment, Mr. Owens failed to submit a proper declaration supporting his allegations or authenticating any of his exhibits. *See* FED. R. CIV. P. 56(e) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."); *see also* FED. R. CIV. P. 56(c) (stating that Rule 56 analysis relies on "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any"); FED. R. EVID. 901 (requiring "authentication or identification as a condition precedent to admissibility"); *Vivid Techs., Inc. v. American Science & Eng'g, Inc.*, 200 F.3d 795, 812 (Fed. Cir. 1999) ("The truth of a disputed material fact can not be established on attorney statement alone."); *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1162 (6th Cir. 1990) ("[M]ere conclusory allegations are not sufficient to withstand a motion for summary judgment.").

### B.     Mr. Owens Failed to Join an Indispensable Party

4.     A co-owner of a patent cannot sue for patent infringement without all other co-owners. *Int'l Nutrition Co. v. Horphag Research Ltd.*, 257 F.3d 1324, 1331 (Fed. Cir. 2001) (affirming dismissal of patent infringement suit because the co-assignee of a patent was "barred from bringing suit without the consent of [the other co-assignee]"); *see also Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 345 (Fed. Cir. 1997) ("Ordinarily, one co-owner has the right to impede the other co-owner's ability to sue infringers by refusing to voluntarily join in such a suit.").

6

5.    Accordingly, a suit that fails to join a co-owner of a patent must be dismissed for failure to join an indispensable party. *See* FED. R. CIV. P. 19(b).

6.    The undisputed facts in this case demonstrate that PEF is a co-owner of the '108 patent and an indispensable party. (*See* F.F. 14, 15, and 18).

7.    The United States District Court for the Eastern District of Oklahoma twice dismissed Mr. Owens' lawsuits for infringement of the '108 patent based on his failure to join PEF as an indispensable party. *Owens v. Briggs & Stratton, Inc.*, No. 04-CV-527 (E.D. Okla. filed November 29, 2004); *Owens v. Briggs & Stratton*, No. 6:97-cv-00607 (E.D. Okla. filed October 27, 1997). (D.E. 1483 at Exhibits A-8, A-9, and A-10).

8.    Although Mr. Owens had ample notice that PEF was an indispensable party, he failed to take advantage of the procedures by which he could have joined PEF. Mr. Owens did not seek any relief from the automatic stay provisions of the bankruptcy act to file a civil action in which PEF could be joined. (F.F. 21). Nor did Mr. Owens identify PEF as a co-claimant in his Proof of Claim. (F.F. 20).

9.    Mr. Owens argued in his January 3, 2006 Surreply (D.E. 1609) that PEF was no longer a co-owner of the '108 patent. However, Mr. Owens provided no competent evidence to indicate that PEF's status as co-owner of the '108 patent had changed since the United States District Court for the Eastern District of Oklahoma dismissed his previous cases. (F.F. 19).

10.    Because Mr. Owens had ample warning that PEF's co-ownership of the '108 patent would be a critical issue in any suit asserting the '108 patent, the burden was squarely on him to submit competent evidence showing that PEF was no longer a co-owner of the '108 patent. He has failed to do so.

11.    Accordingly, Mr. Owens' Claim is dismissed under Rule 19(b) of the Federal Rules of Civil Procedure due to Mr. Owens' failure to join an indispensable party.

## C.    Mr. Owens' Claim is Equitably Barred by Laches

12.    "Courts of equity, it has often been said, will not assist one who has slept upon his rights, and shown no excuse for his laches in asserting them." *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1029 (Fed. Cir. 1992) (quoting *Lane & Bodley Co. v. Locke*, 150 U.S. 193, 201 (1893)).

13.    Laches precludes all recovery of damages for patent infringement that occurs prior to filing of a suit where there is: "1) unreasonable and inexcusable delay by the plaintiff in filing suit and 2) material prejudice resulting from the delay." *Alderberg Labs., Inc. v. Miles, Inc.*, 921 F.2d 1267, 1270 (Fed. Cir. 1990).

14.    Laches is committed to the sound discretion of the trial judge and must be established by a preponderance of the evidence. *A.C. Aukerman*, 960 F.2d at 1032, 1045.

15.    "*Prima facie*, the underlying critical factors of laches are *presumed* upon proof that the patentee delayed filing suit more than six years after actual or constructive knowledge of the defendant's alleged infringing activity." *Id.* at 1035 (emphasis added).

16.    Assuming that Mr. Owens' Proof of Claim qualifies as a complaint, it is undisputed that Mr. Owens waited more than six years after the February 26, 1998 dismissal of his patent infringement suit against Murray to file his December 7, 2004 Proof of Claim in this proceeding. (F.F. 2 and 15).

17.    Mr. Owens's delay of over six years results in the presumption of the underlying factors of laches. As a result, the burden has shifted to Mr. Owens to rebut the presumption. *A.C. Aukerman*, 960 F.2d at 1035.

400307183v3

18.     Mr. Owens failed to submit any competent proof of his reason for delaying so long to enforce his patent against Murray. He did not submit any declaration in an attempt to explain away his excessive delay.

19.     At the January 11, 2006 hearing, Mr. Owens sought to excuse his delay and rebut the laches presumption by arguing that he is poor and has been unable to retain an attorney. However, poverty and inability to obtain counsel are not cognizable excuses for delay. *See Hall v. Aqua Queen Mfg., Inc.*, 93 F.3d 1548, 1554 (Fed. Cir. 1996) ("[P]overty, by itself, is never an excuse for laches purposes."); *id.* ("A patentee's inability to find willing counsel ... is widely rejected as a legally cognizable reason to excuse an unreasonable delay in filing suit.").

20.     Mr. Owens failed to submit any competent proof explaining why Murray would not be materially prejudiced if his Claim of patent infringement were allowed to proceed. He did not submit any declaration in an attempt to show that Murray would not be materially prejudiced.

21.     In view of Mr. Owens' undisputed delay of over six years, his admitted conclusion of patent infringement in 1986, his own dismissal of his 1997 Suit against Murray for failure to join PEF, and other equities presented here, this Court has determined that it would be inequitable to allow Mr. Owens' Claim to proceed. *See A.C. Aukerman*, 960 F.2d at 1036. Accordingly, this Court applies laches to equitably bar Mr. Owens' Claim.

22.     Laches only bars recovery of damages for infringement that occurs prior to filing a complaint. *See Alderberg Labs., Inc. v. Miles, Inc.*, 921 F.2d 1267, 1270 (Fed. Cir. 1990). However, even assuming that Mr. Owens' Proof of Claim constitutes a complaint, Mr. Owens filed his December 7, 2004 Proof of Claim well after the May 25, 1999 expiration of the '108 patent. (F.F. 2 and 16). Because there can be no infringement of an expired patent, the pre-filing damages are the only damages at issue. *See* 35 U.S.C. § 271(a).

23. Because laches bars Mr. Owens from any recovery for patent infringement prior to his filing of his Proof of Claim, and because the expiration of the '108 patent precludes patent infringement after filing his Proof of Claim, there are no outstanding issues that would preclude entry of judgment on this matter.

### D. Conclusion

24. Accordingly, there are no genuine issues as to any material fact and the Trustee is entitled to a judgment as a matter of law that Mr. Owens' Claim is (a) equitably barred under the doctrine of laches, and (b) dismissed and disallowed for failure to join an indispensable party.

---

This order was signed and entered electronically as indicated at the top of the first page.

---

APPROVED FOR ENTRY:

PACHULSKI, STANG, ZIEHL, YOUNG, JONES & WEINTRAUB P.C.

Laura Davis Jones
Michael R. Seidl
Sandra G. M. Selzer
919 North Market Street, 16th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

Richard M. Pachulski
Brad R. Godshall
Malhar S. Pagay
10100 Santa Monica Boulevard, 11th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

400307183v3

10

- and -

BASS, BERRY & SIMS, PLC

/s/ Paul G. Jennings
Paul G. Jennings
315 Deaderick Street, Suite 2700
Nashville, TN 37238
Telephone: (615) 742-6200
Facsimile: (615) 742-6293
E-Mail: pjennings@bassberry.com

Counsel for William Kaye as Trustee
of the Murray Liquidating Trust

and

**Of Counsel:**

Kevin T. Kramer
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, NW
Washington, DC 20037-1122
Telephone: (202) 663-8000
Fax: (202) 663-8007

Benjamin L. Kiersz
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, Virginia 22102
Telephone: (703) 905-2000
Fax: (703) 905-2500

Attorneys for Debtor Murray, Inc.